Patrick J. Cronin, WSBA No. 28254
WINSTON & CASHATT, LAWYERS
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Erik E. Highberg, WSBA #30589
Gregory & Swapp PLLC
16201 E. Indiana Ave., Suite 1900
Spokane Valley, WA 99216
Telephone: (509) 252-5037

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON PETERSON; LORI HANKEL, personal representative of the Estate of DANIEL TAYLOR,<br><br>Defendants. | No. CV-10-086-JLQ<br><br>DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT RE: INSURANCE COVERAGE |

Brandon Peterson, and Lori Hankel, Personal Representative of the Estate of Daniel R. Taylor, answer the plaintiff's Complaint as follows:

DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT RE: INSURANCE COVERAGE -- 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

## THE PARTIES

4. Defendants are without sufficient information to admit or deny, and therefore deny.

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

### The Underlying Action.

7. Defendants admit that defendant Lori Hankel filed a wrongful death action against Brandon Peterson, Case No. 08202908-0, but deny that it was filed on January 28, 2008. The Complaint was filed on June 23, 2008.

8. The defendants admit that the initial Complaint contained the allegations outlined, but to the extent plaintiff suggests "the Complaint" constituted the only claims made by the Estate of Daniel R. Taylor, the defendants deny those allegations, and note that an Amended Complaint for Wrongful Death was filed in Spokane County Superior Court on October 15, 2008.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

9. Plaintiffs admit that the initial Complaint made these allegations, but to the extent the "underlying Complaint" refers to the status of the action, defendants note that a First Amended Complaint for Wrongful Death was filed October 15, 2008.

10. Defendants admit that the allegations outlined were made, but to the extent the "underlying action" refers to the status of the case in Spokane County Superior Court, defendants note that an Amended Complaint for Wrongful Death was filed on October 15, 2008.

**The NFICH Auto Policy.**

11. Admitted.

12. Admitted.

13. Denied. The vehicle involved in the August 25, 2007 accident was identified in the Amended Complaint as a vehicle owned by the Spokane House of Hose, and thus a covered vehicle under the NFICH policy.

14. Denied. The Amended Complaint alleges Brandon Peterson was using the vehicle with the permission of Lyle Peterson, an employee of Spokane House of Hose who had been assigned to operate the vehicle by the Spokane House of Hose. Because Lyle Peterson was an insured who gave permission to Brandon Peterson to operate the vehicle, the Amended Complaint alleged facts and/or circumstances that Brandon

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 3



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Peterson could conceivably be an insured under the National Fire Insurance Company of Hartford ("NFICH") policy issued to the Spokane House of Hose.

**Defendants Demands to NFICH and Settlement of the Underlying Action.**

15. Admitted.

16. Defendants are without sufficient information to admit or deny this allegation because NFICH does not specifically identify the correspondence referred to by date, and/or other means, and therefore denies the same. Defendants admit that NFICH denied there was coverage under the policy.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

**REQUEST FOR DECLARATORY RELIEF**

21. Admitted.

22. Denied.

**AFFIRMATIVE DEFENSES**

By way of further answer and for affirmative defenses, the defendants allege as follows:

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 4



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**First Affirmative Defense.**

That plaintiff has failed to state a cause of action upon which relief can be granted as to these answering defendants.

**Second Affirmative Defense.**

That some or all of plaintiff's claims may be barred by the doctrine of waiver.

**Third Affirmative Defense.**

That some or all of plaintiff's claims may be barred by the doctrine of unclean hands.

**Fourth Affirmative Defense.**

NFICH owed Brandon Peterson a duty to defend the action brought against him by the Estate of Daniel R. Taylor as the allegations contained therein potentially triggered coverage of the NFICH insurance policy, and NFICH owed a duty to indemnify because the allegations made therein fell within the coverage provisions of the NFICH insurance policy, and thus plaintiff may be equitably estopped from denying coverage by its failure to exercise good faith and fair dealing with its insureds.

**Reservation.**

The answering defendants reserve the right to add additional affirmative defenses, counterclaims, and crossclaims depending on the information developed during the discovery process or trial.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## COUNTERCLAIM

By way of further answer and for a counterclaim against the plaintiff, these answering defendants/counterclaimants allege as follows:

**Parties.**

1. At all times relevant hereto Brandon Peterson was a resident of Spokane County, Washington.

2. At all times relevant hereto defendant Lori Hankel, Personal Representative of the Estate of Daniel Taylor, was a resident of Spokane County, Washington.

3. At all times material hereto National Fire Insurance Company of Hartford ("NFICH") was an insurance company incorporated in Illinois with its principal place of business in Illinois; NFICH is authorized to do business in the State of Washington.

**Jurisdiction and venue.**

4. This court has jurisdiction of this matter under 28 U.S.C. §1332, because it is a civil action between citizens of different states in which the amount in controversy exceeds, exclusive of costs and interest, $75,000.

5. Venue is proper in this district under 28 U.S.C. §1391(a)(1)(2)(3) because NFICH has transacted business in Spokane County and its breaches of its insurance contract and acts or omissions occurred in, and arose out of facts and circumstances

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 6

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

occurring in Spokane County, Washington, including but not limited to tenders of defense and failures to appropriately respond to those tenders.

**Facts.**

6. NFICH insured the Spokane House of Hose under Policy No. 2092765496. Said policy included a defense and indemnity obligation.

7. That policy covered vehicles owned by the Spokane House of Hose, and defined an "insured" as:

    a. You for any covered auto; and

    b. Anyone else while using with your permission a covered auto you own, hire or borrow.

8. Lyle Peterson was an employee of the Spokane House of Hose and was provided and assigned a Dodge pickup motor vehicle for use and operation.

9. Lyle Peterson utilized the vehicle for personal use, including lending it to family members with knowledge and permission, express or implied, of the Spokane House of Hose. Spokane House of Hose was aware of and permitted such use by Mr. Lyle Peterson, as well as other employees.

10. The Spokane House of Hose had a written company policy which provided that company vehicles are provided for business utilization "unless prior permission is received from management for outside of business use". It further provided that only the

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 7



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

assigned operators "should" operate the vehicle and "utilization of the vehicle by non-employees and family members should be limited". It also provided that the managers must be notified of personal trips longer than 50 miles.

11. The clear terms of the written policy permits family member use of the Spokane House of Hose vehicles, although indicating it should be "limited", and indicates permission "should" be obtained. Nothing in the written policy or the Spokane House of Hose practices prohibited Lyle Peterson from loaning the company vehicle to his son Brandon.

12. On August 25, 2007, Lyle Peterson gave permission to Brandon Peterson to use the Dodge pickup owned by the Spokane House of Hose; Brandon Peterson operated the motor vehicle with the knowledge and permission of Lyle Peterson.

13. Daniel R. Taylor was standing in the back of the motor vehicle being operated by Brandon Peterson when Brandon Peterson accelerated ejecting Daniel Taylor from the back of the motor vehicle causing him to strike his head on the pavement, and die.

14. Brandon Peterson's negligence caused the death of Daniel R. Taylor via use of the Dodge pickup owned by the Spokane House of Hose and insured by NFICH.

15. Lori Hankel filed a wrongful death action as Personal Representative of the Estate of Daniel Taylor against Brandon Peterson ("underlying action"). Lori Hankel and

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

her counsel provided NFICH with a copy of the original Complaint in the underlying action on or about August 1, 2008, and NFICH subsequently received the Amended Complaint. On several occasions, counsel for Ms. Hankel informed NFICH he believed there to be potential coverage.

16. Defendant Brandon Peterson through his counsel tendered the underlying action to NFICH seeking coverage and defense on numerous occasions both verbally and in writing.

17. NFICH repeatedly declined the tender, asserting that Brandon Peterson was not an insured under the policy, asserting that the Spokane House of Hose had a "strict policy" prohibiting employee use outside business purposes, despite the actual written terms of the company policy. NFICH failed to thoroughly, accurately or reasonably investigate or analyze Spokane House of Hose's actual policy on personal use and permissive use by all employees, including Lyle Peterson.

18. NFICH also declined tender asserting that alcohol use precluded permissive use, despite negligence claims which were asserted in the underlying action against Brandon Peterson.

19. Brandon Peterson tendered the underlying suit to NFICH, however NFICH did not accept the tender of defense, did not defend Mr. Peterson, did not indemnify Mr. Peterson and failed to fully respond, despite allegations which under Washington law

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

triggered NFICH's duty to defend by including claims which could conceivably lead to indemnification obligations under the policy. <u>Woo v. Fireman's Fund Ins. Co.</u>, 150 Wn.App., 158, 208 P.3d 557 (2009).

20. Because the allegations of the underlying lawsuit, if proven, could impose liability on Brandon Peterson within the coverage of the policies issued by NFICH, because the duty to defend is broader than the duty to indemnify and because NFICH could not conclusively rule coverage out, NFICH was obligated to defend and indemnify Mr. Peterson from the claims asserted in the lawsuit.

21. On January 8, 2010, Brandon Peterson and Lori Hankel reached a settlement on the underlying action stipulating to entry or judgment against Brandon Peterson in the amount of $737,000; that judgment was found reasonable by the court and was entered on June 28, 2010.

22. In that settlement, Brandon Peterson assigned all claims with respect to all insurance policies, benefits or proceeds to Lori Hankel as Personal Representative of the Estate of Daniel Taylor.

**Causes of Action.**

23. Defendants/counterclaimants incorporate paragraphs 1 through 22 herein applicable to all causes of action.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT RE: INSURANCE COVERAGE -- 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Breach of Contract.

24. NFICH has breached its contractual duty to defend and indemnify Brandon Peterson in the underlying lawsuit. NFICH's breach of its insurance contract had the direct and proximate cause of depriving Brandon Peterson of the benefits of insurance coverage under the policy, including lack of defense or indemnification in the underlying suit.

Breach of good faith and fair dealing.

25. The business of insurance is one that affects the public intent, and NFICH owed a duty to conduct itself in good faith.

26. NFICH has breached its obligation of good faith and fair dealing under RCW 48.01.010 and the Washington Administrative Code, including, without limitation: (1) failing to make a thorough investigation of the facts and applicable law in order to develop an intelligent and good faith opinion regarding the claims in the underlying suit and Brandon Peterson's entitlement to coverage; (2) engaging in acts that demonstrated a greater concern for its monetary interests than for the insured's financial risk; (3) not attempting in good faith to effectuate the prompt, fair and equitable settlement of claims in which liability had become reasonably clear; (4) unreasonably failing to provide defense and indemnification to its insured; and (5) forcing its insured to engage in litigation to obtain the coverage due under the insurance policy.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

27. As a direct and proximate cause of these breaches, defendants/counterclaimants suffered harm in an amount to be proven at trial.

Breach of Insurance Fair Conduct Act.

28. NFICH has violated Washington's Insurance Fair Conduct Act, RCW 48.30.015, by unreasonably denying a claim for coverage or payment of benefits and is liable for actual damages in an amount to be proven at trial, treble damages up to three times the actual damages, plus attorneys fees, costs, and expenses.

29. Pursuant to RCW 48.30.015, defendants/counterclaimants provided NFICH with 20 days prior written notice of its intent to file this action, on or about July 7, 2010; NFICH did not resolve the claims within 20 days nor at any time since that period has elapsed.

Consumer Protection Act.

30. NFICH engaged in numerous unfair and deceptive acts and practices prohibited by Washington's Consumer Protection Act, RCW 19.86 et seq., the Washington Insurance Code, and the Washington Administrative Code, including, without limitation, (1) failing to make a thorough investigation of the facts and applicable law in order to develop an intelligent and good faith opinion regarding the claims in the underlying suit and Brandon Peterson's entitlement to coverage; (2) engaging in acts that demonstrated a greater concern for its monetary interests than for the insured's financial

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 12


*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

risk; (3) not attempting in good faith to effectuate the prompt, fair and equitable settlement of claims in which liability had become reasonably clear; (4) unreasonably failing to provide defense and indemnification to its insured; and (5) forcing its insured to engage in litigation to obtain the coverage due under the insurance policy.

31. NFICH's unfair and deceptive acts occurred in trade or commerce, impact the public interest and have caused injury to defendants/counterclaimants' business or property in violation of the Consumer Protection Act.

32. As a result of the violations, NFICH is liable for the full amount of the underlying settlement, interest, costs, attorney's fees, and for treble damages of up to $10,000 for each and every CPA violation.

Estoppel to deny coverage.

33. By its conduct, and breaches of its obligations and duties of good faith, NFICH is estopped from denying coverage and its duty to indemnify Peterson under the doctrine announced in Kirk v. Mount Airy Ins. Co., 134 Wn.2d 558, 951 P.2d 1124 (1998), and is liable to the Estate of Daniel Taylor, as assignee, for the full amount of the settlement, plus fees and costs, including attorney's fees.

Declaratory relief.

34. An actual controversy exists between NFICH and counterclaimants as to the rights, duties and obligations of the parties under the policy, especially as to those rights,

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 13



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

duties, and obligations relate to the duty to defend and indemnify Mr. Peterson. Counterclaimants are entitled to a declaratory judgment from this court setting forth and decreeing the respective rights, duties and obligations of the parties under the policy issued by NFICH.

### PRAYER FOR RELIEF

WHEREFORE, defendants/counterclaimants pray for relief against the other party as follows:

1. For money damages in an amount to be proven at trial, including but not limited to the full amount of the settlement/judgment reached in the lawsuit between Brandon Peterson and Lori Hankel, and all attorneys fees, costs, and expenses incurred in connection therewith.

2. For declaratory relief consistent with the pleadings herein, including but not limited to declarations that (a) NFICH breached their contractual duty to defend and/or indemnify their insured; (b) NFICH breached their obligations of good faith and fair dealing; (c) NFICH violated Washington's Consumer Protection Act; (d) NFICH breached Washington's Insurance Fair Conduct Act; and (e) NFICH is estopped from denying coverage to indemnify counterclaimants.

3. For pre-judgment interest.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT RE: INSURANCE COVERAGE -- 14



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.   For punitive damages, attorneys fees, costs and expenses under Washington's Consumer Protection Act, and Washington's Insurance Fair Conduct Act.

5.   For plaintiff's costs and disbursement including actual and reasonable attorneys fees under <u>Olympic Steamship, Inc. v. Centennial Ins. Co.</u>, 117 Wn.2d 37, 811 P.2d 673 (1991).

6.   For such other and further relief as the court deem just and equitable.

DATED this 26th day of August, 2010.

        <u>s/Patrick J. Cronin, WSBA No. 28254</u>
        WINSTON & CASHATT
        Attorneys for Defendants

        601 W. Riverside Ave.
        1900 Bank of America Financial Cent
        Spokane, WA 99201
        Telephone: (509) 838-6131
        Facsimile: (509) 838-1416
        E-mail Address: pjc@winstoncashatt.com


        <u>/s Erik E. Highberg, WSBA #30589</u>
        GREGORY & SWAPP PLLC
        Attorneys for Defendants

        16201 E. Indiana Ave., Suite 1900
        Spokane Valley, WA 99216
        Telephone: (509) 252-5037
        Facsimile: (509) 292-5038
        E-mail Address: erikh@gregoryswapp.com



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on August 26th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    Michael E. Ricketts
    Gordon Thomas Honeywell LLP
    mricketts@gth-law.com

    Attorney for Plaintiff National Fire Insurance Company of Hartford

    Edward J. Tafe
    Colliau, Elenius, Murphy, Carluccio, Keener & Marrow
    Edward.Tafe@cna.com

    Attorneys for Plaintiff

    s/Patrick J. Cronin, WSBA No. 28254
    WINSTON & CASHATT, LAWYERS
    Attorneys for Defendants

    601 W. Riverside, Ste. 1900
    Spokane, WA 99201
    (509) 838-6131
    Facsimile: (509) 838-1416
    E-mail Address: pjc@winstoncashatt.com

203201

DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT RE: INSURANCE COVERAGE -- 16



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131